Rachael Lamkin
Email: rachael.lamkin@bakerbotts.com
**BAKER BOTTS L.L.P.**
101 California Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 291-6264

Lauren J. Dreyer (*Pro Hac Vice*)
lauren.dreyer@bakerbotts.com
700 K Street, N.W.
Washington, DC 20001
(202) 639-7700

Megan White (*Pro Hac Vice*)
megan.white@bakerbotts.com
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
(214) 953-6500

Additional counsel on signature page

*Attorneys for Plaintiff Netflix, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>BROADCOM INC., VMWARE LLC<br><br>    Defendants. | Case No. 5:24-cv-09324-PCP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE THE CASE MANAGEMENT CONFERENCE AND TO STAY DISCOVERY**<br><br>Judge: P. Casey Pitts |

Relying on Local Rule 7-11, Defendants Broadcom and its subsidiary VMware ("collectively "Broadcom") ask this Court to stay Netflix's entire case merely because it has filed a motion to dismiss. Netflix respectfully asks that Broadcom's request be denied.

As a threshold matter, Broadcom's Local Rule 7-11 Motion is procedurally improper. "Motions to stay discovery must be brought as regularly noticed motions in accordance with Civil L.R. 7-2 through Civil L.R. 7-4." *Meta Platforms, Inc. v. Voyager Labs Ltd.*, No. 23-cv-00154-AMO, 2023 U.S. Dist. LEXIS 129511, at *4 (N.D. Cal. July 26, 2023). This alone warrants denial.

Broadcom's motion should be denied for several other, independent, reasons:

- Broadcom posits that its recently filed motion to dismiss, ECF No. 33, is case dispositive. Not so. Netflix will file an amended complaint on Monday, March 17, 2025, which will moot Broadcom's motion to dismiss.

- Fatal to Broadcom's request for a stay is that, in its motion to dismiss, Broadcom only addressed a single claim for each Asserted Patent. Even if, *arguendo*, Broadcom won its motion to dismiss, only a single claim of each Asserted Patent would be dismissed.[1] As such, Netflix's case would proceed on multiple other claims from each Asserted Patent.

- Broadcom cannot meet the test for staying discovery (or the entire case) because discovery is needed to resolve the contested issues.

Broadcom's colorful rhetoric should be ignored. Netflix owns the Asserted Patents and has the right to enforce them against infringers like Broadcom. Broadcom's motion should therefore be denied.

### I.   BROADCOM'S MOTION IS PROCEDURALLY IMPROPER

Broadcom improperly invokes Local Rule 7-11 in asking this Court to suspend the Case Management Conference and stay "discovery." In doing so, Broadcom effectively requests a stay of the entire case, including the Patent Local Rule disclosures. *See* Mot. 3.

Local Rule 7-11 applies to true "administrative" matters like "motions to exceed otherwise applicable page limitations or motions to file documents under seal." Conversely, the timing of

---

[1] To be clear, Broadcom will also lose the arguments made regarding its single claim.

1    discovery is governed by the Federal Rules of Civil Procedure, and motions to stay discovery are

2    outside the scope of L.R. 7-11. *Meta*, 2023 U.S. Dist. LEXIS 129511, *4 ("Motions to stay discovery

3    must be brought as regularly noticed motions in accordance with Civil L.R. 7-2 through Civil L.R.

4    7-4."). Broadcom's failure to follow proper procedure, including this Court's Local Rules, "is, by

5    itself, sufficient grounds to deny the instant motion." *Id*.

6    **II.    BROADCOM'S MOTION IS NOT CASE DISPOSITIVE**

7    Broadcom asserts that this entire case should be stayed merely because it has filed a motion

8    to dismiss. But Netflix intends to file an Amended Complaint on March 17 (a week earlier than its

9    deadline under Federal Rule of Civil Procedure 15), which would thereby moot Broadcom's motion.

10   *Saddozai v. Davis*, No. 18-05558 BLF (PR), 2020 U.S. Dist. LEXIS 72739, at *1 (N.D. Cal. Apr.

11   23, 2020).

12   In any event, staying a case based on the mere filing of a motion to dismiss is disfavored,

13   *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing Wright & Miller, Federal

14   Practice and Procedure § 2035) as it incentivizes wasteful conduct. Virtually every defendant would

15   request a stay, unnecessarily burdening this Court with a flood of Rule 12 motions aimed at evading

16   discovery. Certainly such motions are granted, but they are rare, and this is not that case. *See id.*

17   "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing'

18   why discovery should be denied. *Gray*, 133 F.R.D., at 40 (quoting *Blankenship v. Hearst Corp*., 519

19   F.2d 418, 429 (9th Cir. 1975).) "The moving party must show a particular and specific need for the

20   protective order, as opposed to making stereotyped or conclusory statements." *Id* (citing Wright &

21   Miller, Federal Practice and Procedure § 2035). Broadcom fails to meet these requirements.

22   In its soon-to-be-mooted motion to dismiss, Broadcom analyzed only a single claim of each

23   Asserted Patent, arguing without support that it only need address the single claim cited in the

24   Complaint. ECF No. 33 at 6 n3. But the Patent Local Rules mandate disclosure of asserted claims

25   as part of Netflix's Patent Local Rule 3-1 disclosure; Netflix need not list all asserted claims in the

26   Complaint. And Broadcom bears the burden on a motion to dismiss to establish the "representative"

27   nature of the single claim it analyzed. *Mobile Acuity Ltd. v. Blippar Ltd*., 110 F.4th 1280, 1291 (Fed.

28   Cir. 2024). Because Broadcom failed to even attempt to meet its burden to demonstrate that the

1  single claim it addresses represents all claims in the Asserted Patents, its motion to dismiss must
2  fail.[2]

3  Broadcom mischaracterizes even the single claim per patent it analyzed. U.S. Patent No.
4  8,186,893 (the '893 Patent), for example, is generally directed to improvements in optimizing the
5  use and management of virtual machines.[3] Before the '893 Patent, then-existing load balancing
6  techniques would merely plan for the worst-case loading scenario by providing a sufficient number
7  of servers in advance.[4] Those techniques left servers idle during periods of low demand, resulting
8  in significant overall energy consumption in large networks, and also failed to account for changes
9  in conditions in the physical machines that may benefit from virtual machines migrating between
10 physical machines.[5] The then-existing techniques for determining the optimal placement for virtual
11 machines (referred to as the "placement problem") also required a large computation time,
12 especially for large systems with many physical and virtual machines.[6] The innovation of the '893
13 Patent avoids the excess energy consumption of the prior art and improves the operational efficiency
14 of computer networks using virtual machines in a novel way. The '893 Patent therefore addresses a
15 specific technical problem, existing in then-existing methods, of optimizing the placement of virtual
16 machines, and thereby reducing energy consumption by minimizing idle servers during period of
17 low demand.[7] In another aspect, the '893 Patent offers technical improvements by accounting for
18 changes in conditions in the physical machines that may benefit from virtual machines migrating
19 between physical machines.[8]

20 In its motion to dismiss, Broadcom—upon attorney argument alone—claims
21 "representative" claim 16 "is little different from a bakery deciding how many ovens to turn on
22 based on how many loaves of bread are needed, and figuring out the best arrangement of which
23 baked goods should go into which ovens[.]" ECF No. 33 at 14. Broadcom's unsupported analogy

---

[2] Unless this Court analyzes the representative nature of the single claim *sua sponte*.

[3] '893 Patent, 1:31-38.
[4] *Id.*, 1:15-21.
[5] *Id.*, 1:23-27, 6:14-19.
[6] *Id.*, 6:20-25.
[7] *Id.*, 5:57-6:13.
[8] *Id.*, 6:14-19.

Opposition to Administrative Motion to Continue                                    5:24-cv-09324-PCP
CMC and to Stay Discovery
3

1  bears zero resemblance to the claimed virtual machine technology (and Broadcom's baking
2  technology analogy seems far from abstract). *See* '893 Patent, ECF No. 1-4.
3     Broadcom's own marketing for the Accused Products undermines its claim that claim 16 is
4  not inventive, as Broadcom markets the claimed accused functionality as an improvement on former
5  technologies.[9] Indeed, the need for discovery confirming Broadcom's own marketing of the
6  Accused Products precludes a stay. *See Meta*, 2023 U.S. Dist. LEXIS 129511, at *3.
7     Broadcom's Local Rule 7-11 request is procedurally improper, relies on a motion to dismiss
8  that will be mooted, and is substantively deficient. Netflix requests that Broadcom's Local Rule 7-
9  11 Motion be denied.

Dated: March 13, 2025                                  **BAKER BOTTS L.L.P.**

*/s/ Rachael D. Lamkin*
Rachael Lamkin
rachael.lamkin@bakerbotts.com
David Lien
david.lien@bakerbotts.com
Lute Yang
lute.yang@bakerbotts.com
101 California Street, Suite 3200
San Francisco, CA 94111
(415) 291-6200

Lauren J. Dreyer (*Pro Hac Vice*)
lauren.dreyer@bakerbotts.com
700 K Street, N.W.
Washington, DC 20001
(202) 639-7700

Megan White (*Pro Hac Vice*)
megan.white@bakerbotts.com
Matthew Chuning (*Pro Hac Vice*)
matthew.chuning@bakerbotts.com
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
(214) 953-6500

C. Stephen Maule (*Pro Hac Vice*)
steve.maule@bakerbotts.com
910 Louisiana Street
Houston, TX 77002

---

[9] Niels Hagoort, *vSphere 7 – A Closer Look at the VM DRS Score*, VMware vSphere Blog, May 21, 2020, https://blogs.vmware.com/vsphere/2020/05/vsphere-7-a-closer-look-at-the-vm-drs-score.html.

Opposition to Administrative Motion to Continue                                  5:24-cv-09324-PCP
CMC and to Stay Discovery
4

(713) 229-1234
*Attorneys for Plaintiff Netflix, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the Electronic Service List for this case.

*/s/ Rachael D. Lamkin*
Rachael D. Lamkin