Rachael Lamkin
Email: rachael.lamkin@bakerbotts.com
**BAKER BOTTS L.L.P.**
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6264

Lauren J. Dreyer (*Pro Hac Vice*)
lauren.dreyer@bakerbotts.com
700 K Street, N.W.
Washington, DC 20001
(202) 639-7700

Megan White (*Pro Hac Vice*)
megan.white@bakerbotts.com
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
(214) 953-6500

[additional counsel on signature page]

*Attorneys for Plaintiff Netflix, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC.,<br><br>            Plaintiff,<br><br>        v.<br><br>BROADCOM INC., VMWARE LLC<br><br>            Defendants. | Case No. 5:24-cv-09324-PCP<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO RELATE CASES**<br><br>**Judge: Hon. P. Casey Pitts** |

1
2

Netflix respectfully files this Response to Defendants' Administrative Motion To Relate, ECF No. 63.

3

## I.     INTRODUCTION

4
5
6
7
8
9
10
11
12
13
14
15

Netflix filed this matter against Broadcom and VMware ("Case 1") on December 23, 2024. Netflix filed Case No. 3:25-cv-03738 against Broadcom and VMware ("Case 2") on April 29, 2025. Netflix did not identify Case 2 as related to Case 1 because, in Netflix's view, the cases did not meet the standard set forth in Local Rule 3-12(a), *i.e.*, they involve different asserted patents and different accused functionality, and thus no risk of conflicting results and no unduly burdensome duplication of labor and expense. The two cases do have some overlap.  They contain some factual overlap in the willfulness allegations, the intent allegations, and—because there is some overlap in the broader systems containing the distinctly accused functionality—there may be overlap in damages theories or evidence. But Netflix is not aware of any authority to support relation under Local Rule 3-12(a) where the asserted patents are distinct and the accused products are not coextensive.

16
17
18

Netflix therefore respectfully requests that Defendants' motion be denied.  Should the Court, in its broad discretion nonetheless deem the cases related, Netflix requests that said relation not cause any delay to Case 1.

19

## II.     LEGAL AUTHORITY

20
21
22
23
24
25
26
27

Pursuant to Local Rule 3-12, two or more actions are related when: (1) they "concern substantially the same parties, property, transaction or event" and (2) "it appears that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." A motion to relate should be denied where the accused products are different. *See*, *e.g.*, *Adobe Sys., Inc. v. A&S Elecs., Inc.*, No. C 15-2288 SBA, 2016 WL 9105173, at *3 (N.D. Cal. Oct. 13, 2016); *see also Evolutionary Intelligence LLC v. Yelp Inc.*, No. C-13-03587, 2013 WL 12173933, at, *1 (N.D. Cal. Oct. 8, 2013).

28

Where "[t]he only ties . . . are that both cases involve claims brought under [the same federal statue] and that [a party] is a defendant in both actions, [t]hese ties are insufficient to find that the actions concern substantially the same parties, transaction, or event." *Nozolino v. Hartford Life & Acc. Ins. Co.*, No. 12-cv-04314-JST, 2013 WL 2468350, at *1 (N.D. Cal. Jun. 7, 2013); *see also Tecson v. Lyft, Inc.*, No. 18-cv-06782-YGR, 2019 WL 1903263, at *3 (N.D. Cal. Apr. 29, 2019). And in patent cases involving different patents, the same "property" is not at issue, and thus motions to relate are routinely denied. *See*, *e.g.*, *Hynix Semicon., Inc. v. Rambus, Inc.*, No. C-00-20905 RMW, 2008 WL 3916304, at *1-2 (N.D. Cal. Aug. 24, 2008). When the patents differ, "there is a low risk of inconsistent results." *Twilio, Inc. v. Telesign Corp.*, No. 5:16-cv-06925-LHK, Dkt. No. 198 at 3 (N.D. Cal. Jun. 27, 2018).

## III.     ARGUMENT

### A.  The Two Cases Do Not Involve The Same "Property, Transaction or Event"

There is no debate that the patents differ between Case 1 and Case 2. On that basis alone, Case 1 and 2 are not related. *Uniloc v. Apple*, No. 3:18-cv-00360-WHA, ECF No. 190 (N.D. Cal. May 24, 2019) (denying motion to relate where patents in two cases were not the same).

There is also no overlap in the accused functionality. As is clear from the Case 1 complaints and the Infringement Contentions Netflix served on April 8, 2025, Case 1 accuses vSphere. *See, e.g*, FAC, ECF No. 43, ¶ 92 ("vSphere-based products and/or services"); *id*., ¶ 95 ("Broadcom and VMware's vSphere products"). Defendants focus on the overlap in general product names (e.g., "VMware Cloud Foundation"), but is clear that only the vSphere portion of that product is accused in Case 1. *See, e.g.*, *id*, ¶¶ 95-96, 158, 216, 270, 318.

The products accused in Case 2 are not the vSphere technology at issue in Case 1, but VMware's NSX/NSX-T Data Center and Load Balancers, and Broadcom's ethernet switches. Case 2 involves (1) "products and/or services incorporating VMware NSX/NSX-T Data Center" (Case 2 FAC ¶ 151); (2) "VMware NSX Avi Load Balancer" (*id.* ¶ 100); and (3) "BCM56070; BCM88690; BCM88860; StrataDNX devices including, but not limited to, StrataDNX 28.8 T/s StrataDNX

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ethernet Switch Router Series, StrataDNX 10 Tb/s Scalable Switching Device and 440 Gb/s TSN Ethernet Switch; BroadPTP 1588 Software Suite; BroadSync firmware for enabling synchronization between BroadSync slave devices (switch chips) and BroadSync Master devices; Optical PHYs; Industrial Broad-R Reach; mGig PHYs; Gigabit PHYs; Roboswitch; StrataXGSs; 10GBASE-T PHYs; Automotive Switches, as well as any other products implementing and supporting the PTPv2 specification" (*id.* ¶¶ 193, 241, and 333).  Indeed, three of the five patents in Case 2 involve switch chips, while Case 1 involves no hardware at all.  While there may overlap in the way Broadcom chooses to package its software products (*e.g.*, "VMware Cloud Foundation, VMware Cloud on AWS, Azure VMware Solution, Google Cloud VMware Engine, Oracle Cloud VMware Solution, IBM Cloud for VMware Solutions, Alibaba Cloud VMware Service"), there is no overlap in the actual functionality being accused.  The mere fact that *some* of the accused technology *might* be included in some of the same products in both cases does not make the cases related.

**B.  There is Little Risk Of Duplication of Labor or Conflicting Results**

Local Rule 3-12(a)(2) asks courts to consider whether, "there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Defendants devote a single paragraph to this prong, and that single paragraph contains no specifics. Mot. 4:24-5:7. Because the patents are different, there will be no conflicting results. And any minor potential duplication of labor—such as some overlap in discovery—would not be *unduly burdensome*. *See* L.R. 3-12(a)(2). Because there should be no overlap in the great bulk of the two cases given that the asserted patents and accused functionality are not the same, Defendants have not shown that the Local Rule 3-12(a) standard is met.

**C.  This Court Has Broad Discretion to Relate the Cases**

Given the lack of overlap between the two cases, Defendants' motion seems to be motivated by a desire to delay this case.  Netflix raised its concern in its meet and confer with Defendants regarding this motion.  Defendants did not respond.  *See* May 27, 2025 email, Lamkin to Rizzi, ECF

No. 62-2, at 145.  In Case 1, which was filed nearly six months before Case 2, the parties have already exchanged Patent Local Rule Infringement and Invalidity Contentions, engaged in motions practice, served and produced discovery, and will have exchanged claim construction disclosures on June 6, 2025, whereas in Case 2, discovery has not opened and none of the Patent Local Rule disclosures have been exchanged.

As a result, should the Court nonetheless exercise its broad discretion to relate the cases, *see* L.R. 3-12(f) ("the Judge in this District who is assigned to the lowest-numbered case will decide if the cases are or are not related[.]"); *Cortez v. Skol*, 776 F.3d 1046, 1050 n.3 (9th Cir. 2015) ("District courts have broad discretion to interpret their local rules. Only in rare cases will we question the exercise of discretion in connection with the application of the local rules.") (quoting *Qualls ex rel. Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 842 n.2 (9th Cir. 1994)), Netflix respectfully requests that any relatedness not cause delay to Case 1.

## IV.     CONCLUSION

For the foregoing reasons, Netflix requests that Defendants' motion be denied.


Dated: June 4, 2025                                       **BAKER BOTTS L.L.P.**

*/s/ Rachael D. Lamkin*
Rachael Lamkin
rachael.lamkin@bakerbotts.com
David Lien
david.lien@bakerbotts.com
Lute Yang
lute.yang@bakerbotts.com
101 California Street, Suite 3600
San Francisco, CA 94111
(415) 291-6200

Lauren J. Dreyer (*Pro Hac Vice*)
lauren.dreyer@bakerbotts.com
700 K Street, N.W.
Washington, DC 20001
(202) 639-7700

Megan White (*Pro Hac Vice*)
megan.white@bakerbotts.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Matthew Chuning (*Pro Hac Vice*)
matthew.chuning@bakerbotts.com
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
(214) 953-6500

C. Stephen Maule (*Pro Hac Vice*)
steve.maule@bakerbotts.com
910 Louisiana Street
Houston, TX 77002
(713) 229-1234

*Attorneys for Plaintiff Netflix, Inc.*